Matter of Ruiz (2020 NY Slip Op 03121)





Matter of Ruiz


2020 NY Slip Op 03121


Decided on June 3, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-08638

[*1]In the Matter of Frances Yetta Ruiz, admitted as Frances Yetta Newman, an attorney and counselor-at-law. (Attorney Registration No. 2730315)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 17, 1996, under the name Frances Yetta Newman. By order to show cause dated August 15, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon her for the misconduct underlying the discipline imposed by an order of the United States District Court for the Northern District of New York dated April 2, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, on or before October 7, 2019.



Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Scalise & Hamilton P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order dated April 2, 2019, the United States District Court for the Northern District of New York (hereinafter the District Court) ordered that the respondent's name be stricken from the roll of attorneys of the District Court. The action taken by the District Court stemmed from the respondent's conduct while representing a debtor in a chapter 7 bankruptcy proceeding entitled In re Espinal , Case No. 18-30654, before the United States Bankruptcy Court for the Northern District of New York (hereinafter the Bankruptcy Court).
The Bankruptcy Court Proceedings 
By order dated November 15, 2018, the Honorable Margaret Cangilos-Ruiz, Chief Judge of the Bankruptcy Court, imposed sanctions against the respondent in the sum of $1,000 for her conduct in representing the debtor in In re Espinal and restricted the respondent's right to practice before the Bankruptcy Court. As reflected in that order, the United States Trustee had made a motion for review of the respondent's services, fees, and conduct as the debtor's attorney. Although duly served with the motion, the respondent did not file a response. The respondent also failed to appear at the hearing on the motion on September 6, 2018. Based on the evidence produced at the hearing, the Bankruptcy Court made preliminary findings that the respondent had violated several Rules of Professional Conduct (22 NYCRR 1200.0) while representing the debtor and set a further hearing to provide the respondent with an opportunity to offer a response.
By order to show cause dated September 11, 2018, the Bankruptcy Court directed the respondent to show cause why (1) monetary sanctions should not be imposed against her based upon two violations of Federal Rules of Bankruptcy Procedure rule 9011, (2) she should not be restricted [*2]from further practice before the Bankruptcy Court, and (3) her conduct should not be referred to Chief Judge Glenn T. Suddaby of the District Court for consideration of whether the respondent should be barred from further practice before the District Court. Further, the respondent was directed to produce, by September 25, 2018, certain documents to the Office of the United States Trustee, and was noticed of a hearing to be held on October 11, 2018. Although duly served with the order to show cause, the respondent did not appear at the hearing or otherwise respond, and did not provide the United States Trustee with the documents she was directed to produce by the Bankruptcy Court.
As reflected in the November 15, 2018 order, the Bankruptcy Court inferred from the respondent's failure to appear or respond that she had no defense or evidence to dispute the previous findings and that there were no extenuating circumstances to excuse her behavior. Accordingly, the court concluded that the respondent had violated rules 1.1, 1.3, 1.4(a)(1)(i), 1.4(a)(3), 1.4(a)(4), 3.2, 3.3, 4.1, 5.3(b), and 8.4 of the Rules of Professional Conduct (22 NYCRR 1200.0).
In deciding whether to impose sanctions, the Bankruptcy Court found that the respondent falsely represented that the debtor had verified the facts contained in the petition, notwithstanding that the debtor had never reviewed the petition or schedules prior to filing. Additionally, the court found that the respondent made a false statement on a form filed pursuant to 11 USC § 329 as to the amount of compensation she was paid in connection with the case. The court concluded that the misrepresentations made by the respondent to the court were not inadvertent, but made with intent and with full knowledge of their falsity, driven solely by her self-interest and convenience.
Under these circumstances, sanctions in the sum of $1,000 were imposed against the respondent, and her right to practice before the Bankruptcy Court was restricted. Additionally, the matter was referred to Chief Judge Suddaby of the District Court for consideration of whether the respondent should be barred from further practice before that court.
The District Court Proceedings 
By order to show cause dated February 11, 2019, Chief Judge Suddaby of the District Court agreed with the findings made by the Bankruptcy Court that the respondent had violated various Rules of Professional Conduct (22 NYCRR 1200.0) and directed the respondent to show cause why her name should not be stricken from the roll of attorneys of the District Court. When the respondent failed to answer the order to show cause, the District Court issued an order dated April 2, 2019, striking the respondent's name from the roll of attorneys of the District Court.
Thereafter, the respondent retained counsel and moved, inter alia, for relief from the District Court's order dated April 2, 2019 (hereinafter the District Court motion). Specifically, the respondent sought to appear in the District Court to explain her failure to respond to the orders to show cause issued by that court and the Bankruptcy Court, to explain the underlying circumstances giving rise to the Bankruptcy Court sanctions, and to request relief from the sanction of disbarment.
In declarations submitted in support of the District Court motion, the respondent and her counsel conceded that the respondent did not respond to notices in the Espinal matter after she was substituted out as counsel for the debtor, despite contacts via telephone and other correspondence that required her to do so. Nevertheless, the respondent stated that she never engaged in any intentional or venal misconduct. She further asserted that she was unaware of the Bankruptcy Court's sanctions, and the resulting District Court proceedings, until receiving a telephone call from a clerk of the Bankruptcy Court on May 28, 2019, and was not aware of the District Court's order of disbarment until receiving a letter dated July 17, 2019, from the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
The respondent attributed her ignorance of the proceedings to the failures of a former employee whose duties included answering the telephone, sorting incoming mail, reviewing and responding to the general office emails, contacting clients for documents and payments, and helping prepare and file bankruptcy petitions. The respondent also cited a change of her law firm's email address and the failure to forward emails from the former address to the new address, her assumption that further appearances related to the Espinal matter were unnecessary once a notice of a substitution of counsel was filed and fees were refunded to the debtor, and a defective office procedure in which mail relating to closed matters was filed in the closed file and not brought to the respondent's attention.
In further support of the District Court motion, the respondent submitted exhibits establishing that her former employee filed the petition in the Espinal matter prior to receiving a [*3]signed copy thereof from the debtor. The respondent also submitted email communications purportedly demonstrating that she was unaware of the improper filing and had not instructed her employee to make the filing.
Finally, in mitigation, the respondent noted that upon learning of her default in the Bankruptcy Court, she immediately took action by contacting the United States Trustee and appearing before the Bankruptcy Court to apologize for what happened. She also accepted the Bankruptcy Court's sanction and paid the fine imposed. The respondent also implemented changes in her office procedures to prevent future law office failures. The respondent noted that she has been active in providing legal support to her community, much of which is Spanish-speaking and had difficulty comprehending the legal system.
In a decision and order dated March 3, 2020, the District Court denied the motion, noting, among other things, that the respondent failed to establish that her failure to respond to the Bankruptcy Court's order to show cause was the result of excusable neglect (see Fed Rules Civ Pro rule 60[b][1]), failed to offer an explanation for why she waited approximately three months after receiving notification of her disbarment to file the motion, and failed to submit a memorandum in support of the motion as required by the District Court's Local Rule 7.1(a)(1).
This Court's Order to Show Cause 
By order to show cause dated August 15, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon her for the above-described misconduct. In response, the respondent asserted that the imposition of reciprocal discipline would be unjust unless this matter was held in abeyance and/or stayed until such time as a determination was made on the then-pending District Court motion. The respondent referred this Court to the filings in support of the District Court motion and the record of those proceedings, which, she maintained, demonstrated that her defaults in the Bankruptcy and District Courts were excusable, that she did not engage in intentional or venal conduct, and that she is remorseful and has made good-faith efforts to rectify the consequences of her mistakes.
By letter dated March 9, 2020, the respondent's counsel notified this Court of the District Court's decision and order dated March 3, 2020, and the respondent's intent to apply for reinstatement in the District Court as soon as she was eligible to do so, on April 3, 2020. The respondent's counsel further requested that this matter continue to be held in abeyance and/or stayed until the District Court rendered a decision as to the respondent's reinstatement. Alternatively, the respondent's counsel requested that the respondent be allowed to supplement her prior submissions to further address the appropriate sanction to be imposed based upon her conduct and mitigating factors.
The Grievance Committee takes no position with respect to the measure of discipline to be imposed.
Findings and Conclusions of Law 
The respondent's assertion that the imposition of reciprocal discipline would be unjust because discipline would be premature without a final determination of the District Court motion is now academic in light of that court's decision and order dated March 3, 2020. Moreover, there is no need to supplement the respondent's filings in response to this Court's order to show cause, as the record of the proceedings before the Bankruptcy and District Courts is sufficient to enable this Court to make a determination. Accordingly, there is no obstacle to the imposition of reciprocal discipline.
Under the totality of the circumstances, we conclude that a suspension from the practice of law for a period of six months is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Frances Yetta Ruiz, admitted as Frances Yetta Newman, is suspended from the practice of law for a period of six months, commencing July 3, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 4, 2020. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted herself; and [*4]it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Frances Yetta Ruiz, admitted as Frances Yetta Newman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Frances Yetta Ruiz, admitted as Frances Yetta Newman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Frances Yetta Ruiz, admitted as Frances Yetta Newman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court