| **Watt v BP Prods. N. Am. Inc.** |
|:---:|
| 2025 NY Slip Op 31332(U) |
| April 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151554/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** | **33M** |

*Justice*

-----------------------------------------------------------------------X

HARRINGTON WATT, GRACE WATT,

          Plaintiffs,

- v -

BP PRODUCTS NORTH AMERICA INC.,CARBO INDUSTRIES, INC.,CHEVRON U.S.A. INC. F/K/A GULF OIL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HESS CORPORATION, ENERGY TRANSFER (R&M), LLC F/K/A SUNOCO, LLC (R&M) F/K/A SUNOCO, INC. (R&M) F/K/A SUN COMPANY, INC. AND F/K/A SUN OIL COMPANY, INC.,EXXON MOBIL CORPORATION, HESS CORPORATION, MARATHON PETROLEUM CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MARATHON PETROLEUM COMPANY LLC F/K/A MARATHON ASHLAND PETROLEUM LLC,NORTHVILLE INDUSTRIES CORP., SHELL USA, INC. F/K/A SHELL OIL COMPANY, SPRAGUE OPERATING RESOURCES LLC,INDIVIDUALLY, AND AS SUCCESSOR-IN-INTEREST TO CARBO INDUSTRIES INC.,TEXACO INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO TEXACO REFINING AND MARKETING, INC.,

          Defendants.

-----------------------------------------------------------------------X

EXXON MOBIL CORPORATION

          Plaintiff,

-against-

ISLAND TRANSPORT CORPORATION

          Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151554/2024 |
| **MOTION DATE** | 07/12/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595247/2025

The following e-filed documents, listed by NYSCEF document number (Motion 007) 92, 93, 94, 95, 97, 101, 102

were read on this motion to/for          **DISMISSAL**         .

      Upon the foregoing documents, and after a final submission date of April 1, 2025,

Defendant Northville Industries Corp.'s ("Northville") motion to dismiss Plaintiffs Harrington

Watt ("Harrington") and Grace Watt's (collectively "Plaintiffs") Complaint pursuant to CPLR 3211(a)(5) and (a)(7) is granted in part and denied in part.

## I. Background

This action arises from Harrington's alleged benzene exposure as a driver transporting gasoline, diesel fuel, aviation fuel, kerosene, and heating oil products to numerous fueling stations and petroleum supply and distribution centers (NYSCEF Doc. 1 at ¶ 21). Harrington was employed in this line of work from 1985 through 2022 (*id.*). Plaintiffs allege that because of this work Harrington contracted multiple myeloma on January 21, 2022 (*id.* at ¶ 25). Plaintiffs allege numerous causes of action, including (1) negligence and gross negligence; (2) strict products liability; (3) fraudulent misrepresentation; (4) breach of warranty, and (5) loss of consortium. Now, Northville moves to dismiss Plaintiffs' fraud claims, breach of warranty claims, and asks this Court to strike Plaintiffs' demand for punitive damages. Plaintiffs oppose.

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure

to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

Nonetheless, the sole criterion for a Court to determine on a motion to dismiss for failure to state a claim is whether the pleadings, from its four corners, taken together as a whole, manifests any cause of action cognizable at law (*African Diaspora Maritime Corp. v Golden Gate Yacht Club*, 109 AD3d 204 [1st Dept 2013]). Whether a Plaintiff can ultimately establish its allegations is not taken into consideration in deciding a motion to dismiss (*id.*).

### B. Fraudulent Misrepresentation

Northville's motion to dismiss Plaintiffs' fraudulent misrepresentation claim is denied. To sufficiently allege fraudulent misrepresentation, a plaintiff must allege that (1) defendant made a materially false representation; (2) defendant intended to defraud plaintiffs; (3) plaintiffs reasonably relied upon the misrepresentation, and (4) plaintiffs suffered damages as a result (*J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389 [1st Dept 2005]). While Northville is correct that CPLR 3016(b) imposes a heightened pleading standard for fraud, that requirement is not meant to prevent an otherwise valid cause of action in situations where it may be 'impossible to detail the circumstances constituting a fraud'" (*Pludeman v Northern Leasing Systems, Inc.* 10 NY3d 486, 491 [2008] citing *Lanzi v Brooks*, 43 NY2d 778, 780 [1977] quoting *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]).

Here, Plaintiffs have alleged that the Defendants, including Northville, had specific knowledge that benzene exposure led to a high risk of injury or death and had obtained this knowledge through their own testing and research or through participation in industry and trade organizations. Plaintiffs allege that nonetheless, Defendants concealed the dangers of benzene containing products. Plaintiff alleges that Northville specifically knew about the dangers of

**151554/2024  WATT, HARRINGTON ET AL vs. BP PRODUCTS NORTH AMERICA INC. ET AL**          **Page 3 of 6**
Motion No.  007

3 of 6

[* 3]

benzene no later than 1948 yet distributed benzene containing products without any warning of its potential dangers. This is sufficient, for purposes of a pre-answer motion to dismiss, to state a claim for fraudulent misrepresentation.

### C. Express and Implied Warranty

Northville's motion to dismiss Plaintiffs' causes of action alleging breaches of express and implied warranties is granted in part and denied in part. Plaintiffs have agreed to withdraw, without prejudice, their claims for breach of express warranty. Thus, to the extent the Complaint contained allegations related to breach of express warranty, those claims are dismissed without prejudice. Moreover, Plaintiffs agree that their breach of implied warranty claims are subject to a four-year statute of limitations, and thus Plaintiffs' breach of implied warranty claim is dismissed to the extent they allege a breach prior to February 21, 2020.

Pursuant to U.C.C. §2-314(2)(c), there may be a breach of the implied warranty of merchantability if goods are unsafe "when used in the customary, usual and reasonably foreseeable manner" (*Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]). This Court and other Courts in New York in analogous benzene cases routinely find viable breach of implied warranty causes of action where, as here, plaintiffs allege that certain goods are alleged to cause cancer as a result of their benzene content (*Tucci v Ashland, LLC*, 2023 NY Slip Op. 31728[U] [Sup. Ct., NY Co. 2023]; *Pellegrino v US Steel Corp.*, 2020 NY Slip Op 31217[U] [Sup. Ct., Kings Co., 2020]; *Smith v Ashland, Inc.*, 2018 NY Slip Op 32448[U] [Sup Ct, NY Co 2018]). Here, Plaintiffs allege that Northville's benzene-containing products were inherently dangerous, poisonous, not safe as marketed, and are cancer causing by increasing benzene exposure through Northville's products intended and foreseeable use while simultaneously failing to provide a warning as to the dangers of benzene exposure (NYSCEF Doc. 1 at ¶¶ 157-64). As this is a pre-answer motion to dismiss,

**151554/2024  WATT, HARRINGTON ET AL vs. BP PRODUCTS NORTH AMERICA INC. ET AL**          **Page 4 of 6**
Motion No. 007

4 of 6

where the Court accepts the pleadings as true and makes no judgment on the merits of the claim, the Court finds that Plaintiffs have sufficiently stated a claim for breach of implied warranty.

### D. Punitive Damages

Northville's motion to strike Plaintiffs' demand for punitive damages is denied. While the Court agrees with Northville that punitive damages are to be awarded in rare circumstances for purposes of a pre-answer motion to dismiss, the Court finds that at this juncture Plaintiffs' punitive damages claim should survive. This is especially true here, where Northville did not move to dismiss Plaintiffs' gross negligence claim which, if ultimately proven at trial, could give rise to a claim for punitive damages (*see e.g. 11 Essex Street Corp. v Tower Ins. Co. of New York*, 81 AD3d 516 [1st Dept 2011] [where allegations of gross negligence implicates public safety, punitive damages may be awarded if allegations ultimately proven]).

Accordingly, it is hereby,

ORDERED that Defendant Northville's motion to dismiss is granted solely to the extent that Plaintiffs' claim for breach of express warranty is dismissed without prejudice and Plaintiff's claim for breach of implied warranty is dismissed for any breach alleged to have occurred prior to February 21, 2020; and it is further

ORDERED that Defendant Northville's motion to dismiss is otherwise denied; and it is further

ORDERED that within twenty days of entry of this Decision and Order, Northville shall file and serve an Answer to Plaintiff's Complaint; and it is further

*[The remainder of this page is intentionally left blank.]*

**151554/2024   WATT, HARRINGTON ET AL vs. BP PRODUCTS NORTH AMERICA INC. ET AL**       **Page 5 of 6**
**Motion No. 007**

5 of 6

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order with notice of entry on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 4/18/2025 | | | | *May V Rosado, JSC* | |
|---|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

151554/2024   WATT, HARRINGTON ET AL vs. BP PRODUCTS NORTH AMERICA INC. ET AL          Page 6 of 6
Motion No.  007

6 of 6